**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Judy Benson,<br><br>          Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>          Defendant. | No. CV-23-01371-PHX-MTL<br><br>**ORDER** |

At issue is the denial by the Social Security Administration of Plaintiff Judy Benson's application for Title XVI Supplemental Security Income benefits under the Social Security Act. Plaintiff filed a complaint (Doc. 1) with the Court seeking review of her claim. The Court has reviewed the briefs[1] (Docs. 9, 13) and the administrative record (Doc. 8 "A.R."), and now affirms the Administrative Law Judge's ("ALJ") decision.

**I.    BACKGROUND**

Plaintiff filed an application for supplemental security income benefits on December 13, 2019,[2] for a period of disability beginning on February 1, 2019. (A.R. at 233.) Plaintiff's claims were initially denied on July 17, 2020 (*id.* at 141-45), and upon reconsideration on December 16, 2020. (*Id.* at 147-52.) Thereafter, Plaintiff filed a request for a hearing which was held before the ALJ on May 19, 2022. (*Id.* at 82-103.) On June 9,

---

[1] Plaintiff has not filed a reply brief within the time allotted by the Local Rules of Civil Procedure. *See* LRCiv 16.1(c). The Court thus concludes that Plaintiff has waived the opportunity to file a reply brief.

[2] The application shows a date of December 31, 2019; however, the ALJ and both briefs provide December 13, 2019, as the application date. (A.R. at 233; Doc. 9 at 1; Doc. 13 at 2.) This discrepancy, however, does not affect the Court's analysis.

2022, the ALJ issued a ruling unfavorable to Plaintiff. (*Id.* at 20-38.) Plaintiff subsequently filed a request for review, which was denied on May 31, 2023. (*Id.* at 1-6.) Plaintiff now seeks judicial review with this Court pursuant to 42 U.S.C. § 405(g).

The Court has reviewed the record and will discuss the pertinent evidence in addressing the issues raised by the parties. Upon considering the medical evidence and opinions, the ALJ evaluated Plaintiff's disability claim based on the following severe impairments: diabetes mellitus, small fiber peripheral neuropathy, obesity, Guillain Barre syndrome, status-post anterior talofibular ligament repair, fibromyalgia, chronic obstructive pulmonary disease, cyclical vomiting syndrome, and Morton's neuroma. (A.R. at 26.) This appeal focuses on symptoms of cyclical vomiting syndrome. (*See* Doc. 9.)

The ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments of 20 C.F.R. Part 404, Subpart P, Appendix 1. (A.R. at 29.) Next, the ALJ determined Plaintiff's residual functional capacity ("RFC").[3] The ALJ found:

> [T]he claimant has the [RFC] to perform light work as defined in 20 CFR 416.967(b), with the following additional limitations: the claimant can frequently balance and stoop; occasionally kneel, crouch, and climb ramps and stairs; never crawl, or climb ladders, ropes, or scaffolds; must avoid concentrated exposure to temperature extremes, humidity, vibration, and pulmonary irritants; and have no exposure to workplace hazards, including unprotected heights and moving mechanical parts.

(*Id.* at 30.) Based on this RFC, the ALJ found Plaintiff could perform past relevant work as an order taker. (*Id.* at 36.) Consequently, the ALJ concluded that Plaintiff was not disabled under § 1614(a)(3)(A) of the Social Security Act. (*Id.* at 38.)

## II.  LEGAL STANDARD

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503,

---

[3] Residual functional capacity refers to the most a claimant can still do in a work setting despite his or her limitations. 20 C.F.R. § 416.945(a)(1).

517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the entire record. *Id.* To determine whether substantial evidence supports a decision, the Court must consider the entire record and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* (citation omitted). Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citation omitted). The substantial evidence threshold "defers to the presiding ALJ, who has seen the hearing up close." *Biestek v. Berryhill*, 587 U.S. 97, 108 (2019); *see also Thomas v. CalPortland Co.*, 993 F.3d 1204, 1208 (9th Cir. 2021) (noting substantial evidence "is an extremely deferential standard").

To determine whether a claimant is disabled, the ALJ follows a five-step process. 20 C.F.R. § 416.920(a)(4). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(i), (b). If so, the claimant is not disabled, and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. *Id.* § 416.920(a)(4)(ii), (c). If not, the claimant is not disabled, and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 416.920(a)(4)(iii), (d). If so, the claimant is automatically found to be disabled. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. *Id.* § 416.920(a)(4)(iv), (e). If so, the claimant is not disabled, and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where the ALJ determines whether the claimant can perform any other

work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 416.920(a)(4)(v), (f). If not, the claimant is disabled. *Id.*

## III. DISCUSSION

Plaintiff raises two issues before the Court. First, Plaintiff argues the ALJ erred by formulating an RFC contrary to the record as a whole, including being contrary to "the ALJ's own findings, [Plaintiff's] statements, and the medical record." (Doc. 9 at 1.) Next, Plaintiff argues the ALJ erred in her evaluation of Plaintiff's subjective allegations, specifically because the RFC did not properly evaluate Plaintiff's testimony. (*Id.*) Both sections of Plaintiff's brief primarily argue that symptoms of cyclical vomiting syndrome were not properly considered into the RFC, so this will be the focus of the Court's discussion. The Court will begin by assessing the ALJ's treatment of Plaintiff's subjective allegations as that is a common issue in both of Plaintiff's assignments of error. (*Id.*)

### A. Plaintiff's Subjective Allegations

The ALJ properly analyzed Plaintiff's testimony, found those subjective allegations to be inconsistent with the evidence in the record, and then included that determination in her RFC determination. (A.R. at 31-36.)

An ALJ employs a two-step process in evaluating a claimant's symptom testimony. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). First, the ALJ considers whether the claimant has presented objective medical evidence of an impairment "which could reasonably be expected to produce the pain or symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007). Then, provided no evidence of malingering exists, the ALJ must evaluate the claimant's statements in the context of the objective medical evidence and other evidence in the record. *See* 20 C.F.R. § 416.929(c)(2)-(3). At this step, "the ALJ can reject the claimant's testimony about the severity of [their] symptoms only by offering specific, clear and convincing reasons for doing so." *Garrison*, 759 F.3d at 1014-15 (internal quotation marks omitted). This requirement prevents an ALJ from "arbitrarily discredit[ing]" the claimant's subjective symptom testimony. *Thomas*, 278 F.3d at 958. Despite the "clear and convincing standard [being] the most demanding

required in Social Security cases," *Garrison*, 759 F.3d at 1015 (cleaned up), the ALJ need not "believe every allegation of disabling pain." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989), *superseded on other grounds by* 20 C.F.R. § 404.1502(a).

Instead, when assessing the claimant's credibility, the ALJ may consider "inconsistencies either in [the] claimant's testimony or between his testimony and his conduct, claimant's daily activities, claimant's work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [the] claimant complains." *Thomas*, 278 F.3d at 958-59 (cleaned up). Should the district court find that the ALJ's specific, clear, and convincing reasons are supported by substantial evidence, the court must not second guess the ALJ's judgment and should affirm the ALJ's decision. *See Fair*, 885 F.2d at 604.

Here, the ALJ initially provided a detailed overview of Plaintiff's testimony. This overview included her allegations of "cyclic vomiting syndrome, Guillain Barre, memory loss, gastroesophageal reflux disease, POTS, diabetes, high blood pressure, high cholesterol, and extreme neuropathy." (A.R. at 31.) Importantly, the ALJ also noted that Plaintiff testified she had recently worked five days a week as a babysitter and tutor, interviewed for a customer service position at CarMax, and attempted to return to her job at 1-800-Flowers. (*Id.*) The ALJ then found:

> The claimant had anxiety and she did not know when an episode of cyclical vomiting would occur. She had difficulties when she left the home. The claimant testified that she woke up nauseous and she vomited every day. Moreover, the claimant testified that she had difficulties with anxiety. She had been in a hiatus from counselling due to her surgery. The claimant testified that she was not on medications for diabetes or neuropathy. She had issues with feeling in her feet. The claimant testified that her diabetes was now in control with exercise and her diet. Furthermore, she reported that she walked around her building for exercise. The claimant testified that she used marijuana for her pain and nausea.

(*Id.*)

Next, the ALJ followed the two-step process, first finding that Plaintiff's "medically determinable impairments could reasonably be expected to produce the above alleged symptoms . . . ." (*Id.*) At step two, the ALJ then found that Plaintiff's "statements concerning the intensity, persistence, and limiting effects of [Plaintiff's] symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this record." (*Id.*)

To support this determination, the ALJ turned to the medical evidence in the record. (A.R. at 31.) The ALJ began with positive findings that were evidence of the Plaintiff's impairment. (A.R. at 31-33.) For example, the ALJ acknowledged that Plaintiff was hospitalized with cyclic vomiting syndrome for two to three days (A.R. at 32, 565) and had reported vomiting and nausea in the past (A.R at 32, 573). The ALJ also acknowledged Plaintiff had shown evidence of cyclical vomiting syndrome and found that this impairment resulted in the limitations listed in the RFC. (A.R. at 33.)

Nevertheless, the ALJ then found that "greater restrictions [beyond the RFC] are not warranted by the evidence of the record." (A.R. at 34.) For example, beginning with medical evidence, the ALJ stated that there was evidence Plaintiff's cyclical vomiting syndrome was controlled and that "there [was] only sparse follow up with a gastroenterologist." (*Id.*) While Plaintiff notes that there is not a citation for this statement, there is undoubtedly support for this finding, as during the Plaintiff's testimony, she stated that Zofran helped her vomiting problems about 50 percent of the time. (A.R. at 94-95.) Furthermore, the ALJ also noted that Plaintiff had reported that she preferred not to take medications, her conditions were intermittent, and in recent records Plaintiff had denied nausea. (A.R. at 34, 739, 854.)

The ALJ also listed nonmedical evidence that supported her decision to not find greater restrictions beyond the RFC. (A.R. at 34.) For example, the ALJ noted that Plaintiff "testified that she could still perform her prior work at 1-800-Flowers, but she was not able to return because the company no longer employed workers in Arizona, a reason not related to her medical impairments." (*Id.*) The ALJ also noted that Plaintiff testified she had

interviewed for a job with CarMax, and believed she could have performed a customer service role there. (*Id.*) Both of these statements, from within Plaintiff's own testimony, give support to the ALJ's findings of the symptom allegations as they indicate Plaintiff's ability to work. (A.R. at 92-93.)

Furthermore, the ALJ also analyzed Plaintiff's activities of daily living, which were also inconsistent with Plaintiff's allegations. For example, the ALJ stated that Plaintiff reported caring for pets, cooking her own meals, vacuuming multiple times a week, washing laundry, shopping in stores, and going to the grocery store. (A.R. at 35.) These actions were found to be inconsistent with Plaintiff's allegations of complete inability to work because "[s]ome of the physical and mental abilities and social interactions required in order to perform these activities are the same as those necessary for obtaining and maintaining employment." (*Id.*)

The ALJ properly relied on overwhelming substantial evidence to discount Plaintiff's allegations. The medical evidence showing partial control of the impairment and denials of nausea (A.R. at 94-95, 854), the nonmedical evidence including Plaintiff's testimony stating that she herself applied for jobs and believed she could perform them despite her impairments (A.R. at 92-93), and the evidence of daily activities that are analogous to the types of activities required for employment are all specific, clear, and convincing reasons supporting the ALJ's decision to find Plaintiff's testimony inconsistent. Furthermore, those specific, clear, and convincing reasons are backed by substantial evidence, as discussed above. *See Orn*, 495 F.3d at 630 ("[Substantial evidence] is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (cleaned up)).

**B.    RFC Formulation**

When calculating a claimant's RFC, the ALJ must account for all relevant medical evidence and descriptions of claimant's limitations. 20 C.F.R. § 416.945(a)(3); *Laborin v. Berryhill*, 867 F.3d 1151, 1153 (9th Cir. 2017). This Court will affirm an ALJ's RFC determination where the ALJ has applied the proper legal standard and supported her

decision with substantial evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

Here, the ALJ properly formulated Plaintiff's RFC. After stating the RFC as described *supra* Section I, the ALJ analyzed Plaintiff's allegations, the medical record, and other evidence under the proper legal standard. (A.R. at 30-36.) Furthermore, as discussed in length in Section III.A, the ALJ's decision to discount Plaintiff's subjective allegations was supported by a variety of substantial evidence. The ALJ then properly formulated the RFC.

Furthermore, the ALJ did not err as the RFC was not contrary to the ALJ's own findings or the medical record. Plaintiff's argument that the RFC was contrary to the ALJ's own findings is premised on the idea that because the ALJ acknowledged Plaintiff's cyclical vomiting syndrome as severe, the ALJ was thus required to find that Plaintiff was disabled. (*See* Doc. 9 at 5.) This characterization is inaccurate, as an ALJ must account for all relevant medical evidence and descriptions of a claimant's limitations. 20 C.F.R. § 416.945(a)(3); *Laborin*, 867 F.3d at 1153. Therefore, as discussed above, the record supports the ALJ's RFC determination. For example, Plaintiff herself testified that she had recently babysat and tutored a six-year-old child (A.R. at 89) and that she could have worked a customer service job for CarMax as long as she did not start vomiting (*id.* at 93). The ALJ also noted evidence of Plaintiff engaging in activities with mental and physical requirements which are "the same as those necessary for obtaining and maintaining employment." (*Id.* at 35.) In addition, none of the State agency medical consultants found Plaintiff to be fully disabled, which the Plaintiff did not dispute in her complaint or brief. (*See* A.R. at 35-36; Doc. 9.) Indeed, the record as a whole supports the ALJ's RFC formulation.

IV.   **CONCLUSION**

Accordingly,

**IT IS ORDERED affirming** the June 9, 2022 decision by the Administrative Law Judge (A.R. at 20-38.)

**IT IS FURTHER ORDERED** directing the Clerk to enter final judgment consistent with this Order and close this case.

Dated this 12th day of July, 2024.

Michael T. Liburdi
United States District Judge